# EXHIBIT A

# PROPOSED INTERIM ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPEN RANGE COMMUNICATIONS INC., | Case No. 11-_____ (___) |
| Debtor.[1] | Related Docket No. _____ |

## INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 366(b) OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (the "Debtor") pursuant to sections 105(a) and 366 of the Bankruptcy Code for entry of an Interim Order and a Final Order (i) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtor, (ii) deeming the Utility Providers adequately assured of future performance; and (iii) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtor to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion and all pleadings related thereto, including the Edwards Declaration; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is

---

[1] The last four digits of the Debtor's federal tax identification number are 0894.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

in the best interests of the Debtor, its estate, and its creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis.

2. The Debtor is authorized, but not directed, to pay for Utility Services rendered after the Petition Date in accordance with the Debtor's prepetition practices of automatic debit transaction. For the avoidance of doubt, payments made pursuant to automatic debit transaction shall be deemed to apply to only post-petition services and charges of Utility Providers.

3. The Debtor shall, on or before twenty (20) days after the Petition Date, deposit a sum equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit") into an interest-bearing, newly created, segregated account (the "Adequate Assurance Account"), pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtor. Through the date that the Final Order approving the Motion is entered, the Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services.

4. Pending the final hearing on the Motion, all Utility Providers are prohibited from altering, refusing or discounting Utility Services to, or discriminating against, the Debtor on account of the commencement of this Chapter 11 case or any unpaid prepaid charges.

5. The Debtor shall serve a copy of the Motion, together with the proposed Final Order, which includes the proposed procedures, on each Utility Provider within three (3) business days after entry of this Order by the Court.

49524/0001-7923506v3

6. If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtor and its counsel at the following addresses: (i) Open Range Communications, Inc., 6430 S. Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111, Attn: Chris Edwards, and (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Sanjay Bhatnagar, Esq.

7. Any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, (iv) set forth why the Utility Provider believes that the Proposed Adequate Assurance is not sufficient additional adequate assurance of future payment; (v) set forth what the Utility Providers would accept as satisfactory adequate assurance of payment, and (vi) set forth a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

8. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtor, in its discretion, determine that the Additional Assurance Request is reasonable.

9. If the Debtor determines that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtor will contest the Utility Provider's request pursuant to section 366(c)(3) at a hearing (the "Determination Hearing") to be held at a date and time to be scheduled promptly by the Debtor upon notice to the applicable Utility Provider. Such hearing will be without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code.

49524/0001-7923506v3

10. The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Provider should be modified pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

11. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be restrained from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

12. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request.

13. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

14. A final hearing, if required, on the Motion will be held on _____, 2011, at _____ (EST). The deadline by which any objection to the Motion must be filed and served on counsel to the Debtor is _____, 2011, at _____ (EST). The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order. If no objections are filed to the Motion, this Court may enter a Final Order on the Motion without further notice or hearing.

15. The terms and conditions of this Interim order shall be effective and enforceable immediately upon its entry.

16. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4

49524/0001-7923506v3

17. The fourteen-day stay under Fed. R. Bankr. P. 6004(h) is hereby waived with respect to this Order and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

Dated: October ___, 2011
Wilmington, Delaware

_____
United States Bankruptcy Judge

49524/0001-7923506v3