# EXHIBIT B

# PROPOSED FINAL ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPEN RANGE COMMUNICATIONS, INC., | Case No. 11-_____ (___) |
| Debtor.[1] | **Related Docket No.** _____ |

**FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366(b) OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (the "Debtor") pursuant to sections 105(a) and 366 of the Bankruptcy Code for entry of an Interim Order and a Final Order (i) prohibiting Utility Providers from altering, refusing, or discontinuing services to the Debtor; (ii) deeming the Utility Providers adequately assured of future performance; and (iii) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtor to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion and all pleadings related thereto, including the Edwards Declaration; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; and an Interim Order on this matter

---

[1] The last four digits of the Debtor's federal tax identification number are 0894.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

having been entered on _____, 2011; and after due deliberation thereon, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis.

2. The Debtor is authorized, but not directed, to pay for Utility Services rendered after the Petition Date in accordance with the Debtor's prepetition practices of automatic debit transaction. For the avoidance of doubt, payments made pursuant to automatic debit transaction shall be deemed to apply to only post-petition services and charges of Utility Providers.

3. The Debtor shall maintain the Adequate Assurance Account, as provided in the Final Order, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtor. The Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services, which may be adjusted by the Debtor to account for: (i) the termination of Utility Services by the Debtor regardless of any Additional Assurance Requests, and (ii) agreements with Utility Providers.

4. Except in accordance with the procedures set forth herein and absent further order from this Court, all Utility Providers are (i) prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of the commencement of this Chapter 11 case or any unpaid prepetition charges; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

5. The Debtor shall serve a copy of the Motion and this Order on each Utility Provider within three (3) business days after entry of this Order by the Court.

6. If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request"), so that it is received by the Debtor at the following addresses: (i) Open Range Communications, Inc., 6430 S. Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111, Attn: Chris Edwards, and (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Sanjay Bhatnagar, Esq.

7. Any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes that the Proposed Adequate Assurance is not sufficient assurance of future payment.

8. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtor, in its discretion, determine that the Additional Assurance Request is reasonable.

9. If the Debtor determines that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtor will request a hearing before this Court within a reasonable time after receipt of the Additional Assurance Request to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtor or a Utility Provider, the "Determination Hearing").

10. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider is prohibited from altering, refusing, or discontinuing services to, or discriminating

49524/0001-7923506v3

against, the Debtor solely on the basis of the commencement of this Chapter 11 case or any unpaid prepetition charges.

11. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request.

12. Nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

Dated: _____, 2011
Wilmington, Delaware

_____
United States Bankruptcy Judge

4
49524/0001-7923506v3