# EXHIBIT A

Bidding Procedures Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OPEN RANGE COMMUNICATIONS INC., | : | Case No. 11-13188 (KJC) |
| | : | |
| Debtor.[1] | : | **Related to Docket No. ___** |
| | : | |

## ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF ANY AND ALL OF THE DEBTOR'S ASSETS; (II) APPROVING PURCHASER PROTECTIONS; (III) SCHEDULING AUCTION AND EXPEDITED HEARING TO CONSIDER SALE OF ANY AND ALL OF THE DEBTOR'S ASSETS; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of orders approving, among other things, the sale of any and all of the Debtor's assets and related bidding and auction procedures; and the Court having determined that the relief provided herein is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the record of this case; and good and sufficient cause appearing therefore; it is hereby:

---

[1] The last four digits of the Debtor's federal tax identification number are 0894.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

49524/0001-8015391v2

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures, (ii) approval of the Purchaser Protections and; (iii) approval and authorization to serve the Notice of Auction and Expedited Sale Hearing.

C. The Break-Up Fee and Expense Reimbursement described herein as well as in the Term Sheet are (i) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Purchaser, (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Purchaser, and (iv) necessary to induce the Purchaser to continue to pursue the sale transaction and to continue to be bound by the Term Sheet.

D. The Purchaser has provided a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price given the circumstances for the Assets will be received. Accordingly, the Bidding Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

E. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets.

F. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Asset Sale, the Auction and the Sale Hearing.

49524/0001-8015391v2

# IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is approved, subject to the Court's final approval of the Sale finally proposed as the highest or best offer.

2. All Objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Break-Up Fee and Expense Reimbursement, as set forth in the Term Sheet and this Order, is hereby approved. If the Purchaser becomes entitled to receive the Break-Up Fee and Expense Reimbursement in accordance with the Term Sheet and this Order, then the Purchaser shall be, and hereby is, granted an allowed administrative claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code in the Debtor's chapter 11 case in an amount equal to the Break-Up Fee and Expense Reimbursement.

4. The Debtor is authorized and directed to pay such Break-Up Fee and Expense Reimbursement in accordance with the terms and conditions of the Term Sheet and this Order.

5. No person or entity, other than the Stalking Horse, shall be entitled to any expense reimbursement, break-up fees or other similar fee or payment.

6. The Bidding Procedures, in substantially the form attached hereto as Exhibit 1, are incorporated herein and approved, and shall apply with respect to the Sale of the Assets. The Debtor is authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

7. As further described in the Bidding Procedures, the deadline for submitting bids for the Assets (the "Bid Deadline") is **November 11, 2011 at 12:00 p.m.**

**(prevailing Eastern Time)**. No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

8. The Debtor may sell the Assets by conducting an Auction in accordance with the Bidding Procedures. If one or more Qualified Bids are timely received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place on **November 14, 2011 at 9:00 a.m. (prevailing Eastern Time)** at the office of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 1901. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held and the Debtor may promptly seek Bankruptcy Court approval of the Asset Purchase Agreement.

9. The Sale Hearing shall be held before this Court on **November 15, 2011 at 2:00 p.m. (prevailing Eastern Time)**.

10. Within one (1) business day of the entry of this Order, the Debtor will cause the notice, substantially in the form attached hereto as Exhibit 2 (the "Notice of Auction and Sale Hearing") to be sent by e-mail, overnight mail, or facsimile, to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the RUS; (iii) counsel to the Federal Communications Commission; (iv) counsel to OEP; (iv) counsel for the Committee; (v) all taxing authorities having jurisdiction over any of the Assets or a reasonably known interest in the relief requested by the Motion, (vi) all persons known to be interested in purchasing the Assets; (vii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; and (viii) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.

49524/0001-8015391v2

11. Objections, if any, to the Sale of the Assets must be filed on or before **November \_\_\_\_, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. At the same time, you must serve a copy of the objection upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Buchbinder; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Marion M. Quirk; (iii) counsel to the DIP Lender, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: D.J. Baker; and (iv) counsel to the Official Committee of Unsecured Creditors, Polsinelli Shughart, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801; Attn: Christopher A. Ward. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

12. The Notice of Auction and Expedited Sale Hearing to be issued in connection with the proposed sale of the Assets, substantially in the forms annexed hereto as Exhibit 2 is approved.

13. Subject to the provisions of the Term Sheet, the Bidding Procedures and this Bidding Procedures Order, the Debtor shall have the right as it may reasonably determine to be in the best interests of its estate to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some of the Assets from the Auction; (f) waive terms and conditions

5

set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders and the Purchaser; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures as the Debtor may determine to be in the best interest of its estate or to withdraw the Sale Motion at any time with or without prejudice.

14. The stay provided for in Bankruptcy Rules 6004(h) is waived and this Order shall be effective immediately upon its entry.

15. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: November ___, 2011
       Wilmington, Delaware

                                                  _____
                                                  The Honorable Kevin J. Carey
                                                  United States Bankruptcy Judge

# **EXHIBIT 1**

Bidding Procedures

# OPEN RANGE COMMUNICATIONS INC.

## Bid Procedures

Set forth below are the bid procedures (the "Bid Procedures") to be employed with respect to the proposed sale (the "Proposed Sale") of substantially all of the assets of Open Range Communications Inc. (the "Debtor") to totheHome.com, LLC (the "Proposed Purchaser") pursuant to a certain asset purchase agreement (the "Agreement") or to one or more alternative bidders at the auction contemplated hereby. Capitalized terms not defined herein shall have the meanings ascribed to them in the Agreement.

## Assets For Sale

The Debtor is offering for sale any and all of their assets other than the Excluded Surplus Assets (the "Assets").

## The Bidding Process

The Debtor and its advisors shall (i) determine whether any person is a Qualified Bidder (defined below), (ii) coordinate the efforts of Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate any offers made to purchase all or any part of the Assets (collectively, the "Bidding Process"). Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder. The Debtor shall have the right, with the prior written consent of the Proposed Purchaser, to adopt such other rules for the Bidding Process (including rules that may depart from those set forth herein) that will better promote the goals of the Bidding Process and that are not inconsistent with any of the other provisions hereof or of any Bankruptcy Court order.

## Participation Requirements

Any person that wishes to participate in the Bidding Process (a "Potential Bidder") must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder (and thus, among other things, prior to being able to conduct comprehensive due diligence), a Potential Bidder must deliver (unless previously delivered) to the Debtor:

(i) An executed confidentiality agreement in form and substance acceptable to the Debtor;

(ii) Current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Debtor) of the Potential Bidder or of those entities that will guarantee the obligations of the Potential Bidder; and

(iii) A preliminary (non-binding) proposal regarding the acquisition of all or any part of the Assets and the consideration to be paid (a "Preliminary Proposal").

49524/0001-8013188v3

Potential Bidders can receive initial access to diligence information without submission of a Preliminary Proposal.

A Qualified Bidder is a Potential Bidder that delivers the documents described in subparagraphs (i)-(iii), and that the Debtor determines is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other considerations deemed relevant by the Debtor), to submit a bona fide offer and to be able to consummate a sale if selected as a Successful Bidder (defined below). No later than two business days after a Potential Bidder delivers all of the materials required by subparagraphs (i)-(iii) above, the Debtor shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder. The Debtor is not obligated to furnish to all Qualified Bidders any information that may be given to any one or more Qualified Bidders.

### Due Diligence

The Debtor may afford any Qualified Bidder the time and opportunity to conduct reasonable due diligence. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as hereinafter defined). Neither the Debtor nor any of its respective representatives are obligated to furnish any information to any person other than a Qualified Bidder. The Debtor is not responsible for, and will bear no liability with respect to, any information obtained by Potential Bidders in connection with the sale of the Assets.

### Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver written copies of its bid to (i) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Norman L. Pernick or Marion M. Quirk, counsel to the Debtor; (ii) Latham & Watkins, 885 Third Avenue, New York, NY 10022-4834, Attn: D.J. Baker, counsel to the DIP Lender; (iii) U.S. Department of Justice, Civil Division, 1100 L Street, NW, Room 10032, Washington, DC 20005, Attn: Lloyd H. Randolph, counsel to RUS; and (iv) Polsinelli Shughart, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher A. Ward, counsel to the Committee, on November 11, 2011 at Noon (the "Bid Deadline").

### Bid Requirements

All bids must include (unless such requirement is waived by the Debtor) the following documents (the "Required Bid Documents")

- A letter stating that the bidder's offer is irrevocable until the earlier of (i) 2 business days after the Assets have been sold pursuant to the closing of the sale or sales approved by the Bankruptcy Court, and (ii) 30 days after entry of an order approving the sale.

- An executed agreement to purchase any of the Assets or an asset purchase agreement to acquire substantially all of the Assets (marked to reflect the changes

2

to the Agreement with the Proposed Purchaser) which agreement shall include a commitment to close no later than 3 days after entry of a sale order.

- A good faith deposit (the "Good Faith Deposit") in the form of a certified check or cash payable to the order of the Debtor in an amount that is either (a) $350,000 to cover funding for the Debtor's continued customer serving operations if the bid is for substantially all of the Assets or (b) such lesser amount as is agreed by the Debtor to cover the cost of maintaining the particular Assets covering the bid.

- Written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Debtor with appropriate contact information for such financing sources.

A bid received from a Qualified Bidder that includes all of the Required Bid Documents, meets all of the above requirements and with respect to asset purchase agreement for substantially all of the Assets, offers consideration of a value that is $250,000 in excess of the consideration proposed by the Proposed Purchaser, is a "Qualified Bid."

### Evaluation of Qualified Bids

The Debtor reserves the right to determine the value of any Qualified Bid (including the Agreement with the Proposed Purchaser) and which Qualified Bid constitutes the highest or otherwise best offer.

The Debtor will provide copies of all Qualified Bids to counsel for the DIP Lender, the RUS and the Committee.

### Proposed Purchaser Qualified Bidder/ Commitment Qualified Bid

The Proposed Purchaser is a Qualified Bidder, and the Agreement with the Proposed Purchaser is a Qualified Bid. The Proposed Purchaser's offer to purchase the Assets is irrevocable until the earliest of (i) 2 business days after the Assets have been sold pursuant to the closing of a sale approved by the Bankruptcy Court and (ii) 30 days after entry of a sale order.

### Credit Bidding

The Debtor will accept credit bids consistent with Section 363(k) of the Bankruptcy Code.

### "As Is, Where Is"

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents or its estate except to the extent set forth in the Agreement with the Proposed Purchaser or the purchase agreement of another Successful Bidder. The Proposed Purchaser and each Qualified Bidder shall be deemed

3

49524/0001-8013188v3

to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures or, (i) as to the Proposed Purchaser, the terms of the sale of the Assets shall be set forth in the Agreement with the Proposed Purchaser, or (ii) as to another Successful Bidder, the terms of the sale of the Assets shall be set forth in the applicable agreement.

## Free Of Any And All Interests

Except as otherwise provided in the Agreement with the Proposed Purchaser or another Successful Bidder's purchase agreement, all of Debtor's right, title and interest in and to the Assets subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Assets.

## Auction

If the Debtor receives at least one Qualified Bid (in addition to the Agreement with the Proposed Purchaser), it shall conduct an auction (the "Auction") with respect to the Assets. The Auction shall commence at 9:00 a.m. (Eastern) on November 14, 2011 at the offices of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Ave., Suite 1410, Wilmington, Delaware 19801. The Debtor will file a notice with the Court setting forth any material changes to the date or location of the Auction.

Only the Proposed Purchaser and a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the highest Qualified Bid and subsequently continue in minimum increments of at least $200,000. Other than as otherwise set forth herein, the Debtor, may conduct the Auction in the manner they determine will result in the highest or otherwise best offer(s) for the Assets.

Upon conclusion of the Auction, the Debtor, in consultation with (a) its advisors and (b) representatives of the DIP Lender, the Committee and the RUS shall (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale; and (ii) identify the highest or otherwise best offer(s) for the Assets (the "Successful Bid(s)" and the entity or entities submitting such Successful Bid, the "Successful Bidder(s)"), which highest or otherwise best offer(s) will provide the greatest amount of net value to the Debtor. If the Proposed Purchaser's final bid is deemed to be the highest or otherwise best, the Proposed Purchaser will be the "Successful Bidder," and such bid, the "Successful Bid".

## Acceptance of Qualified Bids

The Debtor shall sell the Assets to the Successful Bidder(s) upon the approval of the Successful Bid(s) by the Bankruptcy Court after a sale hearing. The Debtor's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtor's acceptance of the bid. The Debtor will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at a sale hearing. All interested parties reserve their right to object to the Debtor's selection of the Successful Bidder(s) (including the assignment of any of such objector's Assumed Executory Contract thereto).

## Return of Good Faith Deposit

Good Faith Deposits of the Successful Bidder(s) shall be applied to the purchase price of such transaction(s) at closing. Good Faith Deposits of all other Qualified Bidders shall be held in an interest-bearing escrow account until 5 days after closing of the transactions contemplated by the Successful Bid(s), and thereafter returned to the respective bidders. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor shall be entitled to retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Successful Bidder.

## Modifications

The Debtor, may (a) determine, which Qualified Bid, if any, is the highest or otherwise best; and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtor, its estate and creditors. At or before any sale hearing, the Debtor may impose such other terms and conditions as the Debtor may determine to be in the best interests of the Debtor's estate, its creditors and other parties in interest.

# EXHIBIT 2

Notice of Auction and Expedited Sale Hearing

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPEN RANGE COMMUNICATIONS INC., | Case No. 11-13188 (KJC) |
| Debtor.[1] | |

## NOTICE OF AUCTION AND EXPEDITED SALE HEARING

**PLEASE TAKE NOTICE** that on October 6, 2011, Open Range Communications Inc. (the "Debtor") filed a Motion for Orders: (I)(A) Approving Bidding and Auction Procedures in Connection with Sale of Any and All of the Debtor's Assets; (B) Approving Purchaser Protections, (C) Scheduling an Auction and Expedited Hearing to Consider Sale of Any and All Debtor's Assets; and (D) Approving Form and Manner of Notice Thereof; and (II)(A) Authorizing and Approving Sale of Any and All Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (B) Granting Related Relief [Docket No. ____] (the "Sale Motion")[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Pursuant to the Sale Motion, the Debtor seeks to sell the Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on November ____, 2011, the Bankruptcy Court entered an order [Docket No. _] (the "Bidding Procedures Order") approving, among other things, bidding procedures, in the form annexed hereto as Exhibit A (the "Bidding Procedures"), in connection with the sale of any and all of the Debtor's assets.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Bidding Procedures Order, an auction (the "Auction") with respect to the sale of any and all of the Debtor's Assets is scheduled to occur on **November 14, 2011 at 9:00 a.m. (prevailing Eastern Time)** at the office of counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that only those parties that have submitted Qualified Bids (as defined in the Bidding Procedures) by no later than **November 11, 2011 at 12:00 noon (prevailing Eastern Time)** (the "Bid Deadline") may participate in the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

---

[1] The last four digits of the Debtor's federal tax identification number are 0894.

[2] Unless otherwise noted herein, all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

49524/0001-8015391v2

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court also scheduled a hearing to consider approval of the Sale of the Assets to the Successful Bidder or, alternatively, to the Back-up Bidder (as such terms are defined in the Bidding Procedures), or to approve the Asset Purchase Agreement if no Auction is held, before the Honorable Kevin J. Carey in the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 on **November 15, 2011, at 2:00 p.m. (prevailing Eastern Time)** (the "Sale Hearing"). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections, if any, to the Sale of the Assets must be filed on or before **November __, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. At the same time, you must serve a copy of the objection upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Buchbinder; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Marion M. Quirk; (iii) counsel to the DIP Lender, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: D.J. Baker, and (iv) counsel to the Official Committee of Unsecured Creditors, Polsinelli Shughart, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801; Attn: Christopher A. Ward. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Expedited Sale Hearing is subject to the terms and conditions of the Bidding Procedures Order which shall control in the event of any conflict. Additionally, copies of the Sale Motion, the Bidding Procedures and/or the Bidding Procedures Order may be obtained free of charge (i) by request to the Debtor's counsel (a) via e-mail at pratkowiak@coleschotz.com; (b) via mail at 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; (c) via telephone at (302) 652-3131; and (d) via facsimile at (302) 652-3117 or (ii) by request to the Debtor's claims and noticing agent (a) via e-mail at logan@openrange.us; (b) via telephone at (973) 509-3190; and (c) via facsimile at (973) 509-3191. In addition, copies of the Motion, Bidding Procedures, and/or the Bidding Procedures Order may be viewed and downloaded, free of charge, at the following website: www.loganandco.com.

Dated: November ___, 2011  
       Wilmington, Delaware

**COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.**

By: _____  
Norman L. Pernick (No. 2290)  
Marion M. Quirk (No. 4136)  
Sanjay Bhatnagar (No. 4829)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

Counsel for the Debtor and  
Debtor in Possession

3