IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | Chapter 11 |
| OPEN RANGE COMMUNICATIONS INC., | Case No. 11-13188 (KJC) |
| Debtor.[1] | **Related to Docket No. 146** |

**ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF ANY AND ALL OF THE DEBTOR'S ASSETS; (II) APPROVING PURCHASER PROTECTIONS; (III) SCHEDULING AUCTION AND EXPEDITED HEARING TO CONSIDER SALE OF ANY AND ALL OF THE DEBTOR'S ASSETS; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of orders approving, among other things, the sale of any and all of the Debtor's assets and related bidding and auction procedures; and the Court having determined that the relief provided herein is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the record of this case; and good and sufficient cause appearing therefore; it is hereby:

---

[1] The last four digits of the Debtor's federal tax identification number are 0894.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

49524/0001-8015391v3

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures, (ii) approval of the Purchaser Protections and; (iii) approval and authorization to serve the Notice of Auction and Expedited Sale Hearing.

C. The Break-Up Fee and Expense Reimbursement described herein as well as in the Term Sheet are (i) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Purchaser, (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Purchaser, and (iv) necessary to induce the Purchaser to continue to pursue the sale transaction and to continue to be bound by the Term Sheet.

D. The Purchaser has provided a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price given the circumstances for the Assets will be received. Accordingly, the Bidding Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

E. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets.

F. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Asset Sale, the Auction and the Sale Hearing.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is approved, subject to the Court's final approval of the Sale finally proposed as the highest or best offer.

2. All Objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Break-Up Fee and Expense Reimbursement, as set forth in the Term Sheet and this Order, is hereby approved. If the Purchaser becomes entitled to receive the Break-Up Fee and Expense Reimbursement in accordance with the Term Sheet and this Order, then the Purchaser shall be, and hereby is, granted an allowed administrative claim under sections 503(b) and 507(a)(2) of the Bankruptcy Code in the Debtor's chapter 11 case in an amount equal to the Break-Up Fee and Expense Reimbursement.

4. The Debtor is authorized and directed to pay such Break-Up Fee and Expense Reimbursement in accordance with the terms and conditions of the Term Sheet and this Order.

5. No person or entity, other than the Stalking Horse, shall be entitled to any expense reimbursement, break-up fees or other similar fee or payment.

6. The Bidding Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are incorporated herein and approved, and shall apply with respect to the Sale of the Assets. The Debtor is authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

7. As further described in the Bidding Procedures, the deadline for submitting bids for the Assets (the "Bid Deadline") is **November 11, 2011 at 12:00 p.m.**

**(prevailing Eastern Time)**. No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

8. The Debtor may sell the Assets by conducting an Auction in accordance with the Bidding Procedures. If one or more Qualified Bids are timely received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place on **November 14, 2011 at 9:00 a.m. (prevailing Eastern Time)** at the office of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held and the Debtor may promptly seek Bankruptcy Court approval of the Asset Purchase Agreement.

9. The Sale Hearing shall be held before this Court on **November 15, 2011 at 2:00 p.m. (prevailing Eastern Time)**.

10. Within one (1) business day of the entry of this Order, the Debtor will cause the notice, substantially in the form attached hereto as Exhibit 2 (the "Notice of Auction and Sale Hearing") to be sent by e-mail, overnight mail, or facsimile, to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the RUS; (iii) counsel to the Federal Communications Commission; (iv) counsel to OEP; (iv) counsel for the Committee; (v) all taxing authorities having jurisdiction over any of the Assets or a reasonably known interest in the relief requested by the Motion, (vi) all persons known to be interested in purchasing the Assets; (vii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Assets; and (viii) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.

49524/0001-8015391v3

11. Objections, if any, to the Sale of the Assets must be filed on or before November _15_, 2011 at ~~4:00 p.m.~~ 10:00 a.m. (prevailing Eastern Time) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801. At the same time, you must serve a copy of the objection upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: David Buchbinder; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Marion M. Quirk; (iii) counsel to the DIP Lender, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: D.J. Baker; and (iv) counsel to the Official Committee of Unsecured Creditors, Polsinelli Shughart, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801; Attn: Christopher A. Ward. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

12. The Notice of Auction and Expedited Sale Hearing to be issued in connection with the proposed sale of the Assets, substantially in the forms annexed hereto as Exhibit 2 is approved.

13. Subject to the provisions of the Term Sheet, the Bidding Procedures and this Bidding Procedures Order, the Debtor shall have the right as it may reasonably determine to be in the best interests of its estate to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some of the Assets from the Auction; (f) waive terms and conditions

49524/0001-8015391v3

set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders and the Purchaser; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures as the Debtor may determine to be in the best interest of its estate or to withdraw the Sale Motion at any time with or without prejudice.

14. The stay provided for in Bankruptcy Rules 6004(h) is waived and this Order shall be effective immediately upon its entry.

15. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: November 2, 2011
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge